**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CEDRIQUEZ McCAA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )      **Case No. 2:24-cv-390-RAH-CWB** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.      Introduction**

Petitioner Cedriquez McCaa is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 1). On April 7, 2011, McCaa pled guilty to a charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).[1] The district court sentenced McCaa to a 188-month term of imprisonment, which was set to run concurrently with the sentences McCaa was serving on various state charges.[2]

On June 21, 2016, McCaa filed his first § 2255 motion, wherein he asserted that his sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because (1) his state convictions for first-degree robbery, discharging a firearm into an occupied building, and third-degree burglary do not qualify as "violent felonies" and (2) the Government failed to establish that the offenses underlying his four convictions for first-degree robbery occurred on separate occasions.[3] On February 4, 2019, the district court concluded that McCaa's motion lacked merit and entered a dismissal with prejudice.[4]

---

[1] *See* 2:10-cr-191-MHT-SRW at Doc. 24, p. 1.

[2] *See id.* at Doc. 56, p. 2.

[3] *See* 2:16-cv-467-WKW-CSC at Doc. 1.

[4] *See id.* at Docs. 17 and 18.

McCaa filed a second § 2255 motion on October 6, 2020.[5]  The district court, however, dismissed the motion for lack of jurisdiction because McCaa had failed to obtain permission from the Eleventh Circuit prior to filing a successive motion.[6]  On October 29, 2020, McCaa filed yet a third § 2255 motion.[7]  Again, the district court dismissed the motion for lack of jurisdiction because McCaa had not first obtained permission from the Eleventh Circuit.[8]  On July 12, 2023, McCaa filed a fourth § 2255 motion.[9]  And once again the district court dismissed the motion for lack of jurisdiction because McCaa had not first obtained permission from the Eleventh Circuit.[10]  On June 28, 2024, McCaa filed his fifth § 2255 motion, which is pending before the court on a recommendation of dismissal.[11]  On July 2, 2024, McCaa initiated the instant proceedings by filing what is now his sixth § 2255 motion.  For the same reasons that required dismissal of McCaa's previous filings, the undersigned Magistrate Judge finds that the pending § 2255 motion likewise should be dismissed.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion, the movant first must move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court in turn must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

---

[5] *See* 2:20-cv-803-MHT-SRW at Doc. 1.
[6] *See id.* at Docs. 6 and 7.
[7] *See* 2:20-cv-882-MHT-SRW at Doc. 1.
[8] *See id.* at Docs. 13 and 14.
[9] *See* 2:23-cv-420-MHT-CWB at Doc. 1
[10] *See id.* at Docs. 5 and 6.
[11] *See* 2:24-cv-378-RHA-CWB at Doc. 2.

would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); s*ee also In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional.").

McCaa presents no evidence of having obtained authorization from the Eleventh Circuit to file the successive § 2255 motion that is currently before the court. Indeed, the court notes that all of McCaa's attempts to obtain such permission from the Eleventh Circuit have been denied or dismissed.[12] Subject matter jurisdiction therefore is lacking, and dismissal is required. *See Farris*, 333 F.3d at 1216; *see also Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## III. Conclusion

For these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that McCaa's § 2255 motion (Doc. 1) be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **October 29, 2024**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for

---

[12] *See* 2:10-cr-191-MHT-SRW at Docs. 75, 86, 90, 92, 99 and 106.

further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 15th day of October 2024

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**